```
                                              FILED
                                         U.S. DISTRICT COURT
                                           SAVANNAH DIV.

                                         2018 JUN 12  PM 12: 20

                                         CLERK_____
                                           SO. DIST. OF GA.
```

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| ANTHONY OLIVER, an individual; | Case No.: |
| Plaintiffs, | 4:18-cv-00100-WTM-GRS |
| vs. | |
| CITY OF POOLER, a public entity; CITY OF SAVANNAH, a public entity; CITY OF PORT WENTWORTH, a public municipality; CITY OF BLOOMINGDALE, a public entity; STATE OF GEORGIA, a state municipality; NATHAN DEAL, in his official capacity as GOVERNOR; CHARLES DAVIS, in his individual capacity; ADAM WILLIS, in his individual capacity; ADRIAN GATES, in his individual capacity; MATT LIBBY, in his individual and official capacity; ASHLEY BROWN, individual and official capacity; MARK REVENEW, in his individual and official capacity BLAIR JEFFCOAT, in his individual and official capacity; DOES 1-10, inclusive. | |
| Defendants. | |

**PLAINTIFFS OPPOSITION TO DEFENDANTS STAY OF DISCOVERY**

**ECF Dkt. 7 AND 10**

1

## INTRODUCTION

Defendants City of Bloomingdale, City of Pooler, City of Port Wentworth, City of Savannah, Charles Davis, Adam Willis, Adrian Gates, Blair Jeffcoat, Matt Libby, Ashely Brown and Matt Libby have filed two separate motions to stay discovery citing to the same case law. Plaintiff has filed his opposition as one motion to all of the Defendants' motion to stay discovery.

Defendants failed to meet their burden as to why the motion should be granted, much less entertained by this Court. Absent good cause, the Defendants motion for stay of discovery should be denied.

## RELEVANT FACTS

This action arises out of the Defendants traffic stop of the Plaintiff from April 25, 2018 where the individual Defendant Officers Charles Davis, Adam Willis, Adrian Gates and JOHN DOE 1 from the City of Port Wentworth detained Plaintiff for an alleged false U-turn that occurred in the City of Savannah. With minutes from being an hour, Defendants then impeded Plaintiffs rights under the First and Federal Fourth Amendment.

Nevertheless, Defendants have moved to stay discovery pending resolutions of their motions to dismiss. However, as set forth herein, the relief Defendants seek is contrary to the federal and local rules and the Rule 26 order entered by this Court, and Defendants have failed to set forth any basis to justify the delay that they seek. Indeed, a stay is particularly inappropriate here, where Defendants have filed the motion to dismiss which they purport will result in dismissal of this case and render the discovery they seek to stay wholly unnecessary.

Accordingly, for the reasons set forth herein, the Court should deny Defendants' request to stay discovery in this action.

# ARGUMENT

## I. The Presumptive Rule Is That Discovery Shall Proceed Notwithstanding the Filing Of A Motion to Dismiss

Under Federal Rule of Civil Procedure Rule 26, Local Rules, and this Court's Rule 26 Order, the presumption is that discovery shall clearly proceed notwithstanding the filing of a motion to dismiss. See Fed. R. Civ. P. 26 (no automatic stay imposed upon a filing of motion to dismiss; rather, the parties are directed to confer on a discovery schedule "as soon as practicable").

As Defendants themselves point out, the "[t]he Court's Rule 26 Instruction Order [Doc. No. 4] requires the parties to engage in discovery before briefing or resolution of defendants' dispositive motions." Consistent with these well-settled principles, "[g]enerally, motions to stay discovery are disfavored." U.S. ex rel. Smith v. Serenity Hospice Care, LLC, No.CV313 001, 2014 WL4269063, at*3(S.D. Ga. Aug.28,2014); see also Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)) (motions to stay discovery "are not favored" and "rarely appropriate"). Such motions "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." Ave Maria Univ. v. Sebelius, No. 2:12-cv-88-FtM-99SPC, 2012 WL 3128015, at *1 (M.D. Fla. July 31, 2012).

Given the strong presumption that discovery should proceed in accordance with the federal and local rules, courts in this Circuit have held that a "stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive. . . rendering discovery a mere futile exercise." S. Motors Chevrolet, Inc. v. Gen. Motors, LLC, No. CV 414-152, 2014 WL 5644089, at *1 (S.D. Ga. Nov. 4, 2014) (citing Alexander v. Allen,

No. 2:13-cv-885-FtM-29CM, 2014 WL 3887476 at *2 (M.D. Fla. Aug. 7, 2014)) (motion to dismiss not so "clearly meritorious" as to warrant stay of discovery). Applying these principles, after a brief analysis of the merits of the pending dismissal motion, the court in S. Motors Chevrolet held that "while not wholly insubstantial," defendant's motion was "no slam-dunk, nor so likely to be granted that it warrants the requested discovery stay per Chudasama and the cases applying that decision." 2014 WL 5644089, at *2-3.

Faced with a burden they cannot meet, Defendants ignore the body of case law to the contrary and rest their request for a stay of discovery on the Eleventh Circuit decision in Chudasama v. Mazda Motor Corp., 123 F.3d 1353 (11th Cir. 1997). This reliance is misplaced.

As this Court has recognized, "Chudasama does not stand for the proposition that all discovery in every circumstance should be stayed pending a decision on a motion to dismiss." S. Motors Chevrolet, 2014 WL 5644089, at *2. The Eleventh Circuit is in accord.

In Zow v. Regions Fin. Corp., the Eleventh Circuit made clear that it "only found an abuse of discretion [in Chudasama] because the district court ordered the parties to engage in substantive discovery despite failing to rule on the defendants' motion to dismiss for over eighteen months." 595 Fed. Appx. 887, 889 (11th Cir. 2014). Numerous courts in this District (and others) have echoed this reasoning. See, e.g., Jones v. Bank of Am. Corp., No. 08-CV-152, 2013 WL5657700, at *2 (M.D.Ga. Oct. 15, 2013) ("nothing in Chudasama . . . means discovery should be stayed as a matter of course whenever a defendant files a motion to dismiss."); Reilley v. Amy's Kitchen, Inc., No. 13-CV-21525, 2013 WL 3929709 at *1 (S.D. Fla. July 31, 2013) ("there is no general rule that discovery be stayed while a pending motion to dismiss is resolved.").

4

### A. Plaintiff Seeks Discovery Only as To Port Wentworth Policer Officer John Doe 1

Through discovery, Plaintiff only seeks to identify the name and address of the Port Wentworth Police Officer who was on scene on April 25, 2018. Officer John Doe is also apart of a four man or women police agency group that provides security to the constructions teams assigned to do work on the freeway.

To date, Plaintiff filed an open records request, and was directed to contact defense counsel. However, in the past year, defense counsel has refused to fulfill Plaintiffs open records requests. Had the City of Port Wentworth simply complied with Plaintiffs request, then Plaintiff would not have filed an opposition to their motion.

The potential destruction of this evidence (whether willful or otherwise) necessitates timely discovery consistent with the rules. See, e.g., Gordon v. Mortg. Elec. Registration Sys., Inc., No. 10-CV 228, 2010 WL 5463165 *1 (S.D. Ga. Dec. 29, 2010) (denying motion to stay and noting that discovery should proceed before relevant evidence becomes unavailable); SOLIDFX, LLC v. Jeppesen Sanderson, Inc., No. 11-CV-1468, 2011 WL 4018207, at *3-4 (D. Colo. Sept. 8, 2011) (rejecting stay request in part because "the longer this case is delayed, the greater the likelihood that evidence will be inadvertently destroyed or lost").

This is particularly true here, where the Complaint names John Doe Defendants whose identity is not ascertainable to Plaintiff absent discovery and who should be joined as soon as practicable.

Accordingly, Plaintiff should be allowed to proceed with discovery expeditiously to ensure that the documents and communications necessary to identify the John Doe Defendants remain available to Plaintiffs.

## CONCLUSION

For all the reasons stated above, Defendants' Motion to Stay Discovery should be denied and discovery should be permitted to proceed in compliance with the applicable Federal, Local Rules and this Court's Rule 26 Order.

Dated:  June 12, 2018            By: _____
                                     Anthony Oliver., Plaintiff Pro Se