# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ANTHONY OLIVER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV418-100 |
| | ) | |
| CITY OF POOLER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

This case is one of several that *pro se* plaintiff Anthony Oliver has filed in this Court. One recent case was dismissed with prejudice because of Oliver's persistent failure to abide by the Court's rules, procedures, and orders. *See Oliver v. County of Chatham, et al.*, CV417-101, doc. 189 (Report and Recommendation); doc. 220 (Order adopting recommended filing conditions). Several of the present defendants have moved to dismiss this case because Oliver has not complied with the conditions imposed when that case was dismissed. *See* doc. 6 at 6-8. At the time that defendants made that request, Oliver's appeal of the Order dismissing that case and imposing the special filing conditions was pending. *See* CV417-101, doc. 222 (Notice of Appeal). Recently, the Court of Appeals dismissed that appeal for want of prosecution. CV417-

101, doc. 231 (Mandate). Given the totality of Oliver's conduct, the Court should require that he comply with the previously imposed conditions in this case.[1]

**I.      Oliver's Litigation Conduct**

In the dismissed case, Oliver sought and received an extension of time to file his objections to the Court's recommendation of dismissal with prejudice and restrictions to be imposed on any future cases he filed. CV417-101, doc. 203. In seeking that extension, he represented to the Court, under penalty of perjury, that such an extension was warranted, among other reasons, because he intended to "fil[e] a Chapter 7 petition with the United States District Court, Southern District Bankruptcy Court." *Id.* at 2. He did not disclose his intention to initiate any other proceeding. *See id.*

Based on those representations, the Court granted him an extension to file his objections. CV417-101, doc. 204. Two weeks after he was granted the extension, he filed a discovery motion (CV417-101, doc. 206) and another document purporting to alter his previously filed

---

[1] The undersigned is entering a companion Order and Report and Recommendation in CV418-120. There, as here, the Court directs Oliver to explain the discrepancies in his statements concerning his financial situation and recommends imposing conditions on his prosecution of that case.

2

"voluntary dismissal," (CV417-101, doc. 208). Almost three more weeks passed before Oliver filed his objection, a day after his extended deadline. *See* CV417-101; doc. 211.

Oliver's difficulty in meeting his extended deadline is explicable, however. He used the time to prepare and file this action, seeking recovery for alleged civil rights violations under 42 U.S.C. § 1983. Doc. 1. Despite his protestation in his extension request that he was on the verge of bankruptcy, he paid the Court's full $400 filing fee. *See* doc. 1-2 (receipt). He has also filed another action, alleging civil rights violations by various individuals in Effingham County, Georgia, (including, apparently, every sitting judge in the county). *See Oliver v. County of Effingham, et al.*, CV418-120, doc. 1 (S.D. Ga. May 23, 2018) (Complaint). Once again, he paid the full filing fee. *See id.* at 30-31 (receipt). In August, he filed another § 1983 action in Chatham County Superior Court, which defendants removed to this Court. *See Oliver v. Massey, et al.*, CV418-213, doc. 1 (S.D. Ga. Sept. 7, 2018).[2] Finally, in

---

[2] It is not clear to the Court whether he paid a fee to file that case, but the notice of removal does not include any indication that he brought it *in forma pauperis*.

In addition to the cases he filed here, in September 2018, he filed a suit against Lyft, Inc., in the Northern District of California. Again, he paid the $400 filing fee. *See*

June, he paid a private process server $104.50 to serve his Complaint upon Governor Nathan Deal. *See* doc. 37 at 14.

Oliver filed another civil action, alleging employment discrimination, in which he sought leave to proceed *in forma pauperis* (IFP). *See Oliver v. Hayley Sheth Investments, L.L.C.*, CV417-152, doc. 1 (Complaint) (S.D. Ga. Aug. 14, 2017); doc. 2 (Motion for Leave to Proceed *in forma pauperis*) (S.D. Ga. Aug. 14, 2017). In his IFP application, he stated, again under penalty of perjury, that his average income for the preceding twelve months was $0.00, he had $46.00 in his checking account, and did not expect any "major changes to [his] monthly income . . . during the next 12 months." CV417-152, doc. 2 at 1-2, 5. That is, perhaps, consistent with his recent protestation that he intended to file for bankruptcy protection. It is, however, completely inconsistent with his payment of more than $800.00 in court fees and litigation costs.

---

*Oliver v. Lyft, Inc., et al.*, CV418-270, doc. 1 (S.D. Ga. Sept. 7, 2018) (Complaint). The case was subsequently transferred to this Court. Doc. 35 (Transfer Order). Shortly after the transfer, Oliver filed another Complaint against Lyft, Inc., in the Northern District of California. *See Oliver v. Lyft, Inc.*, CV318-7166, doc. 1 (N.D. Cal. Nov. 26, 2018). Lyft has moved to transfer the case to this Court, alleging that Oliver's filing it in the Northern District is "a naked attempt to evade [this Court's] prior vexatious litigant order." *Id.*, doc. 27 (N.D. Cal. Jan, 14, 2019). Oliver opposes that motion. CV318-7166, doc. 29 (N.D. Cal. Jan. 14, 2019).

Several of Oliver's filings also demonstrate that his rhetorical impulses continue to overcome his discretion. *See* CV417-101; doc. 166 at 23 (admonishing Oliver that his "hyperbole and outrage have damaged his ability to pursue the justice he claims is the object of his suit."). The present Complaint includes numerous inflammatory accusations, unaccompanied by factual support. *See* doc. 1 at 2, ¶ 3 ("The Defendants operate the 'good old boy system' to the extent that each other will lie, cheat, steal, file false police reports, shoot unarmed citizens and then lie for one another again, this is the case here."), 3, ¶ 6 (objecting to use of local police as "security" for state Department of Transportation projects and stating "City and County police are to be used to fight crime in their respective cities and counties, not go out on security details and do whatever they want to do like sleeping in the police cars on the side of the road, providing escorts to their friends and family, chasing down speeders, or motorists for traffic violations."), 4, ¶ 9 (alleging "on information and belief, the Governor of the State of Georgia and the [state Department of Transportation], conclusively, directly and indirectly authorizes and allows the civil and criminal Defendants in this action to conduct such misconduct so that the State of GA and the

5

GADOT will receive a fraction of the illegally obtained monies through traffic citations."), 7, ¶22 ("Plaintiff believes and thereon alleges that the STATE OF GA provides funding to the CITY OF BLOOMINGDALE and its corrupt Police Department."), 13, ¶ 52 (referring to a defendant as a "thug" and alleging that the defendant "and his criminal thug friends were drunk and waving a badge" in an unrelated incident in July 2017); 17, ¶ 69 ("For example, in many ways, Defendants STATE OF GA and [its governor] DEAL use the tax payer's dollars in this State for things that make no sense whatsoever."), 18, ¶ 69(B) (referring to state funds paid to "local corrupt officers to provide security on all construction sites on the state freeways."). It appears, therefore, that the Court's previous admonitions have had no effect. This case also reflects Oliver's habit of filing partial dismissals. *See* doc. 27. The now-familiar pattern repeats in his other cases. *See* CV418-213, doc. 7 ("dismissing" claims against defendant Massey, "with prejudice"); CV418-120, docs 16, 38 & 55.

His broader litigation record only reinforces the conclusion that Oliver is, to say the least, irresponsible. An exhaustive examination of that litigation, in jurisdictions across the country, would be unduly burdensome. However, in September 2018, the United States District

6

Court for the Central District of California declared Oliver a vexatious litigant. *See Oliver v. Luner*, CV218-2562, doc. 99 (C.D. Cal. Sept. 26, 2018).[3] The court noted that "[i]n addition to his numerous actions in state court, [Oliver] has filed at least thirty lawsuits in federal court." *Id.* at 4. It lamented that it "searched in vain for a case in federal court resulting in a verdict on the merits in [Oliver's] favor," but found, instead, warnings to restrain his conduct "on multiple occasions by multiple judges in multiple districts." *Id.* at 7-8. Based on that conduct, the court imposed, what it recognized was "'an extreme remedy that should rarely be used,'" *id.* at 2 (quoting *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007)), and required Oliver to "obtain leave of court before filing any additional lawsuits." *Id.* at 9. The Central District's Order makes the burden that Oliver has imposed on the court system clear.

---

[3] Although the Court concedes the possibility that other individuals named "Anthony Oliver" may file civil cases, the Central District was sufficiently assured of plaintiff's identity that it cited his previously filed cases in its Order. *See* CV218-2562, doc. 99 at 5. His filings in that case also list his Savannah, Georgia address. *See, e.g.,* CV218-2562, doc. 95 (brief filed by Oliver listing a mailing address in its header). That address corresponds to the address listed as plaintiff's on his Civil Cover Sheet in this case. *See* doc. 1-1, § I.(c).

## II. Conditions on further litigation

Oliver's ongoing conduct in his various cases seems explicable only by culpable carelessness or a deliberate attempt to disrupt the efficient disposition of his claims. In either case, it is the sort of behavior that demands response. Accordingly, the Court **RECOMMENDS** that the conditions imposed on Oliver in CV417-101 be imposed in this case as well. Those conditions are:

(1) In addition to paying the Court's filing fee, Oliver must post a $1,000 contempt bond with the Clerk of Court. This bond will be held by the Clerk of Court and, if Plaintiff has conducted the affairs in his case appropriately, the bond will be returned to him at its conclusion;

(2) Plaintiff must file into this case, and attach to any Complaint he files, a signed affidavit swearing that he has read Federal Rule of Civil Procedure 11 and will abide by its provisions.

CV417-101, doc. 220 at 2. Oliver is reminded that he remains subject to that Order's requirement that he must attach to any subsequent Complaint he files both a photocopy of the Report and Recommendation,

recommending dismissal of CV417-101, and the Order dismissing that case. *See id.* at 2.

Further, he is **DIRECTED** to:

(3) file a response to this Order and Report and Recommendation within 14 days and explain the apparent inconsistencies in his sworn statements concerning his financial condition; and

(4) in any further filing in this case, including the response required above, include the following statement:

"I declare under penalty of perjury under the laws of the United States of America that each fact asserted in the foregoing is true and correct. Executed on (date)."

Finally, given the ambiguous status of Oliver's claims resulting from his "dismissals," he must amend his Complaint. Within 30 days, Oliver must file an Amended Complaint stating any claim he still wishes to pursue. Any defendant named in that Amended Complaint, who has already been served, shall have 21 days to respond. Any new defendant added in the Amended Complaint must be served with process, according to the requirements of the Federal Rules of Civil Procedure.

Given the provisions of this Order and Report and Recommendation, motions to dismiss the original Complaint, both

plaintiff's and defendants', are moot. Accordingly, they, and the motions related to them, should be **DENIED**. Docs. 6, 9, 27, 41, 42, 44 & 45. All deadlines in this case are **STAYED**, pending Oliver's compliance with the provisions of this Order and any additional conditions imposed by the District Judge, as recommended above. Accordingly, the Clerk is **DIRECTED** to terminate the various pending discovery motions. Docs. 7, 10, 28, 43 & 48. Once the stay is lifted and any motions to dismiss are resolved, discovery motions may be refiled. Finally, plaintiff's motion to tax the costs of service against Governor Deal, based on his refusal to waive personal service, is **DENIED** without prejudice to refile after the stay is lifted.[4] Doc. 37.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and

---

[4] Governor Deal has filed a motion to dismiss Oliver's claims against him as precluded on numerous grounds. Doc. 42. Should Oliver find any of those arguments compelling, his opportunity to amend his Complaint will allow the withdrawal of any such frivolous claim.

Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 29th day of January, 2019.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA