## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 11, 2019

Anthony Oliver
PO BOX 847
POOLER, GA 31322

Appeal Number: 19-10011-F
Case Style: In re: Anthony Oliver
District Court Docket No: 4:18-cv-00100-WTM-JEG

Enclosed is the court's order denying your motion for leave to proceed with this matter in forma pauperis. Unless you forward the docketing fee to this office, as required by 28 U.S.C. § subsection 1913 and Fed.R.App.P. 21, within fourteen (14) days from this date, this petition will be dismissed pursuant to 11th Cir. R. 42-1(b).

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Dionne S. Young, F
Phone #: (404) 335-6224

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10011-F

_____

In re:

ANTHONY OLIVER,

                                                                                                                 Petitioner.

_____

On Petitions for Writ of Mandamus from the
United States District Court for the
Southern District of Georgia

_____

ORDER:

Anthony Oliver, a private citizen proceeding *pro se*, petitions this Court for a writ of mandamus arising out of his 42 U.S.C. § 1983 civil-rights complaint, which is pending in the Southern District of Georgia. He also moves for leave to proceed *in forma pauperis* ("IFP"). In his mandamus petition, Oliver asks that this Court direct the district court to: (1) rule on the motions that he filed in his § 1983 action, and (2) stay his litigation pending resolution of his motions. Liberally construing his mandamus petition, Oliver appears to argue that the district court has unreasonably delayed in ruling on his motions. After filing his mandamus petition in this Court, a magistrate judge issued a Report and Recommendation ("R&R"), recommending that the district court deny Oliver's and the defendants' motions and impose the sanctions it had imposed in his prior § 1983 action.

Oliver seeks to file this mandamus petition IFP pursuant to 28 U.S.C. § 1915(a). Section 1915(a) provides that a United States court may authorize the commencement of any proceeding, without prepayment of fees, by a person who submits an affidavit that includes a statement of

assets that he possesses, and indicates that he is unable to pay such fees. This Court, however, may dismiss an action at any time if it determines that the allegation of poverty is untrue or the action or appeal is frivolous. 28 U.S.C. § 1915(e)(2). In this case, Oliver has attached an affidavit of indigency indicating that he has no monthly income. He states that he has $13.47 in cash and $0.00 in a bank account. He indicates that he has a 2018 Jeep Cherokee and that he has $1,139 in total monthly expenses. Assuming, without deciding, that this satisfies § 1915(a)'s poverty requirement, Oliver's IFP motion is nevertheless due to be denied, as his mandamus petition is frivolous.

Mandamus is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997) (quotation omitted). The petitioner has the burden of showing that he has no other avenue of relief, and that his right to relief is clear and indisputable. *Mallard v. United States Dist. Court*, 490 U.S. 296, 309 (1989). Mandamus may be used to direct a district court to decide a pending case when there has been unreasonable delay in rendering a decision. *See Johnson v. Rogers*, 917 F.2d 1283, 1284 (10th Cir. 1990) (holding that a 14-month delay in ruling on a 28 U.S.C. § 2241 petition for no reason other than docket congestion was impermissible).

Oliver has not presented a non-frivolous claim of unreasonable delay by the district court in ruling on his motions because roughly only four months elapsed between when Oliver filed his latest motion, and when he filed his mandamus petition in this Court. *See Johnson*, 917 F.2d at 1284. Further, the district court has taken further substantive action in Oliver's § 1983 case, in the form of the magistrate judge's R&R recommending that the district court deny Oliver's and the defendants' motions and impose sanctions. This action suffices to preclude any present claim of

unreasonable delay. Accordingly, Oliver's IFP motion is hereby **DENIED**, as his mandamus petition is frivolous.

                                                                                                                                      UNITED STATES CIRCUIT JUDGE