IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ANTHONY OLIVER,

    Plaintiff,

v.

CITY OF POOLER, a public entity; CITY OF SAVANNAH, a public entity; CITY OF BLOOMINGDALE, a public entity; STATE OF GEORGIA, a state municipality; NATHAN DEAL, in his official capacity as Governor; CHARLES DAVIS, in his individual capacity; ADAM WILLIS, in his individual capacity; MATT LIBBY, in his individual and official capacity; ASHLEY BROWN, individual and official capacity; MARK REVENEW, in his individual an official capacity; BLAIR JEFFCOAT, in his individual and official capacity; DOES 1-10, inclusive; CITY OF PORT WENTWORTH, a public municipality; and ADRIAN GATES, in his individual capacity;

    Defendants.

CASE NO. CV418-100

# O R D E R

Before the Court is Plaintiff's Motion for Reconsideration. (Doc. 61.) In his motion, Plaintiff requests that the Court reconsider its prior order (Doc. 59)

that imposed filing conditions in this action. Plaintiff argues that the Court should reconsider the conditions because (1) his conduct in this case does not warrant the imposition of the filing conditions and (2) he is financially unable to comply with the filing conditions. (Doc. 61.) After careful review, Plaintiff's request is denied.

When considering a motion for reconsideration, courts within the Eleventh Circuit have held that reconsideration is appropriate in a limited number of circumstances. Specifically,

> [r]econsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law.

Bingham v. Nelson, No. 5:08-CV-246(CAR), 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted); see also Wells v. Gen. Dynamics Info. Tech., Inc., No. 5:12-CV-18(MTT), 2012 WL 5207519, at *1 (M.D. Ga. Oct. 22, 2012). Additionally, "[i]n order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently

failed to raise earlier are deemed waived." McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

In this case, Plaintiff has not offered any argument that there has been an intervening change in the law or new evidence that affects this Court's prior order. Instead, Plaintiff reasserts his previous arguments that the filing conditions are unwarranted in this action. (Doc. 61.) In addition, Plaintiff complains that the Court's conditions will "flat out foreclose[]" his ability to pursue this action. (Id. at 6.)

Despite Plaintiff's objections, this Court remains unconvinced. First, the Court rejects Plaintiff's contention that this Court did not properly find that his conduct warranted the imposition of filing conditions in this case. The Magistrate Judge's report and recommendation, which initially suggested the imposition of filing conditions, thoroughly reviewed Plaintiff's history as a vexatious litigant. (Doc. 53.) This Court reviewed that reasoning and found that Plaintiff's conduct did in fact warrant the imposition of filing conditions. (Doc. 59.) The Court sees no reason to disturb that ruling at this time. Moreover, the Court is unmoved by Plaintiff's assertion that he in unable to afford to comply with the filing conditions in this case

and would be denied access to the Court if the filing conditions remained in effect. This Court has not foreclosed Plaintiff's access to the Court but has merely required that Plaintiff file a contempt bond that would be returned to Plaintiff in the event that he conducted his affairs appropriately in this action. Because Plaintiff has not offered any meritorious reason for this Court to reconsider its prior order, Plaintiff's motion (Doc. 61) is **DENIED**.

SO ORDERED this 14th day of March 2019.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA