IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ANTHONY OLIVER, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 4:18-cv-100-WTM-BKE |
| | ) |
| CITY OF POOLER, a public entity; CITY OF SAVANNAH, a public entity; CITY OF PORT WENTWORTH, a public entity; CITY OF BLOOMINGDALE, a public entity; STATE OF GEORGIA, a state municipality; NATHAN DEAL, in his official capacity as GOVERNOR; CHARLES DAVIS, in his individual capacity; ADAM WILLIS, in his individual capacity; ADRIAN GATES, in his individual capacity; MATT LIBBY, in his individual and official capacity; ASHLEY BROWN, individual and official capacity; MARK REVENEW, in his individual and official capacity; BLAIR JEFFCOAT, in his individual and official capacity; DOES 1-10, inclusive. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS CITY OF SAVANNAH, ADRIAN GATES, AND MARK REVENEW'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND/OR AMENDED COMPLAINT

COME NOW Defendants The Mayor and Aldermen of the City of Savannah, (the "City of Savannah"), Adrian Gates ("Officer Gates"), and Mark Revenew ("Chief Revenew"), (The City of Savannah, Officer Gates and Chief Revenew are sometimes collectively referred to as the "Savannah Defendants"), and move to dismiss Plaintiff Anthony Oliver's "Complaint for Civil Rights and Injunctive Relief 42 U.S.C. § 1983" (Doc. 1) and/or Plaintiff's "First Amended Complaint for Civil Rights and Injunctive Relief 42 U.S.C. § 1983" (Doc. 60), pursuant to Fed. R.

Civ. P. 41(b) and S.D. Ga. Local Rule 41.1.[1]

I. **Introduction and Statement of Facts**

Plaintiff originally filed this action on May 1, 2018. (Doc. 1). Plaintiff's suit stems from a traffic stop and citation issued on April 25, 2018. (Id. at ¶¶ 38-57; Doc. 60 at 5). Plaintiff essentially alleges the stop was improper and that, as a result, his constitutional rights under the First and Fourth Amendment were violated by Defendants.[2] (Doc. 1 at ¶¶ 70-110; Doc. 60 at 12-16). Thereafter, the Savannah Defendants filed a motion to dismiss Plaintiff's Complaint (Doc. 9), as did the other defendants (Docs. 6, 42)[3]. One of the grounds for some of the Defendants' motions to dismiss was that Plaintiff had failed to abide by certain filing restrictions that had been recommended in another action within the Southern District of Georgia. (Docs. 6, 42). (See Oliver v. Cnty. of Chatham, et al., Case No. 4:17-cv-00101-WTM-BKE, Doc. 189, Report & Recommendation). During briefing on the motions to dismiss in this case, the filing restrictions

---

[1] On February 28, 2019, this Court, as explained infra, ordered Plaintiff to meet certain requirements before this case would be allowed to proceed, including filing an amended complaint. (Doc. 59). Though Plaintiff filed an amended complaint on March 4, 2019 (Doc. 60), he did not meet any of the other conditions ordered by this Court. Thus, it is unclear whether Plaintiff's First Amended Complaint is a valid pleading. As a result, and out of an abundance of caution, these Defendants move for the dismissal of this entire action, including, without limitation, both the original Complaint and the First Amended Complaint, i.e.

[2] Plaintiff was found guilty of the traffic charges stemming from the stop in the State Court of Chatham County on May 31, 2019, and sentenced to six months in jail. See State v. Oliver, Case No. STCR18-05808, Chatham Cnty. State Ct., Sentencing Ord. (Attached hereto as Exhibit 1).

[3] In Plaintiff's Opposition to Dismiss (Doc. 2), he asserted "Plaintiff will make things easy for the Court and dismiss all Defendants with the exception of Defendants Adrian Gates, Charles Davis, Adam Willis and City of Port Wentworth." Thereafter on June 12, 2018, Plaintiff Oliver filed his Motion for Voluntary Dismissal and moved to dismiss "Defendants City of Pooler, City of Savannah, City of Bloomingdale for any and all claims for municipality liability," as well as "Ashley Brown, Mark Revenue and Blair Jeffcoat in their individual capacities." (Doc. 27).

recommended in that other action (Case No. 4:17-cv-00101-WTM-BKE) became the order of the Court. (See id. at Doc. 220, Order).

Thereafter, in the instant case, on January 29, 2019 Magistrate Judge James E. Graham entered a Report and Recommendation in which he recommended that certain conditions be imposed on Plaintiff before his case be allowed to proceed, including the following:

> (1) In addition to paying the Court's filing fee, Oliver must post a $1,000 contempt bond with the Clerk of Court. This bond will be held by the Clerk of Court and, if Plaintiff has conducted the affairs in his case appropriately, the bond will be returned to him at its conclusion;
>
> (2) Plaintiff must file into this case, and attach to any Complaint he files, a signed affidavit swearing that he has read Federal Rule of Civil Procedure 11 and will abide by its provisions.

(Doc. 53 at 8). The Magistrate Judge further stayed all deadlines in this case "pending [Plaintiff's] compliance with the provisions of [the Order] and any additional conditions imposed by the District Judge . . . ." (Id. at 10). The Order also denied the Defendants' motions to dismiss as moot. (Id. at 9-10). Finally, the Magistrate Judge also ordered Plaintiff to file an amended complaint within 30 days. (Id. at 9). On February 28, 2019, District Judge William T. Moore, Jr., entered an Order in this action adopting the Report and Recommendations of the Magistrate Judge. (Doc. 59). This Court, noting that Plaintiff was a "vexatious litigant," ordered that Plaintiff comply with the following conditions in this case:

> (1) In addition to paying the Court's filing fee, Oliver must post a $1,000 contempt bond with the Clerk of Court. This bond will be held by the Clerk of Court and, if Plaintiff has conducted the affairs in his case appropriately, the bond will be returned to him at its conclusion;
>
> (2) Plaintiff must file into this case, and attach to any Complaint he files, a signed affidavit swearing that he has read Federal Rule of Civil Procedure 11 and will abide by its provisions; and

> (3) Plaintiff must also attach to his complaint both a photocopy of the Report and Recommendation, recommending dismissal of CV417-101, and the Order dismissing the case.

(Id. at 2). This Court further ordered that all deadlines in this case are stayed pending Plaintiff's compliance with the imposed conditions and that Plaintiff was directed to file an amended complaint by March 8, 2019. (Id. at 2-3). The Court stated that "Plaintiff is on notice that **failure to comply with the conditions in this order** and file an amended complaint **by March 8, 2019 will result in dismissal of this action**." (Id. at 3 (emphasis added)).

On March 4, 2019, Plaintiff filed his First Amended Complaint[4]. (Doc. 60). However, there is no indication in the record that Plaintiff submitted a $1,000 contempt bond with the Clerk of Court. Moreover, Plaintiff did not file with the Court or attach to his amended complaint a signed affidavit swearing that he had read Federal Rule of Civil Procedure 11 and would abide by its provisions. (See Doc. 60). Finally, Plaintiff failed to attach to his amended complaint a photocopy of the Report and Recommendation recommending dismissal of CV417-101 and the Order dismissing that case. (See id.). Thus, Plaintiff failed to comply with all three of the Court's requirements when filing his First Amended Complaint.

Instead, on March 6, 2019, Plaintiff filed a motion for reconsideration of the Court's February 28, 2019 Order (Doc. 61 & 62), which was denied by this Court on March 14, 2019. (Doc. 63). Then, on March 20, 2019, Plaintiff filed a Notice of Appeal in which he identified this Court's February 28, 2019 Order as the subject of the appeal. (Doc. 66). The Eleventh Circuit dismissed Plaintiff's appeal, however, because he failed to pay the filing fee. (Doc. 69). On September 25, 2019, Plaintiff filed a motion with this Court requesting permission to appeal *in*

---

[4] The First Amended Complaint did not name Mark Revenue as a defendant in any capacity. (Doc. 60)

4

*forma pauperis* (Doc. 70), which was denied on October 4, 2019 (Doc. 71). At the Eleventh Circuit, Plaintiff filed a motion to reinstate his appeal, which was denied by the Eleventh Circuit on November 6, 2019. (Doc. 74).

Since November 6, 2019, more than seven months ago, Plaintiff has also filed nothing in this case and has done nothing to move the case forward. Plaintiff has failed to comply with the three conditions of this Court's February 28, 2019 Order, the deadline for doing so having expired more than a year ago.

II. **Argument and Citation of Authority**

    A. **Standard of Review.**

Under the Federal Rules, "[i]f the Plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Moreover, "unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Id.

The Local Rules for the United States District Court for the Southern District of Georgia provide that the "assigned Judge may, after notice to counsel of record, *sua sponte*, or on motion of any party, dismiss any action for want of prosecution, with or without prejudice[,]" in the following instances:

    (a) Failure to permit or provide discovery within the time set forth in an order compelling discovery;

    (b) Willful disobedience or neglect of any order of the Court; or

    (c) Any other failure to prosecute a civil action with reasonable promptness.

S.D. Ga. Local Rule 41.1.

    **B.    Plaintiff's Complaint should be dismissed because he has willfully disobeyed this Court's February 28, 2019 Order and failed to prosecute this action with reasonable promptness.**

More than 15 months ago, this Court explicitly ordered Plaintiff to do four things before this case could proceed: (1) post a $1,000 contempt bond with the Clerk of Court; (2) file a signed affidavit in this case swearing that he has read Federal Rule of Civil Procedure 11 and that he would abide by its provisions; (3) attach to his complaint both a photocopy of the Report and Recommendation, recommending dismissal of CV417-101, and the Order dismissing the case; and (4) file an amended complaint. (Doc. 59). Plaintiff only complied with one of this Court's conditions: he filed an amended complaint. Even then, Plaintiff failed to comply completely with that prerequisite because he did not have a photocopy of the Report and Recommendation and Order from CV417-101 attached to his amended complaint. (Doc. 60). This Court provided in the February 28, 2019 Order that "Plaintiff is on notice that **failure to comply with the conditions in this order** and file an amended complaint **by March 8, 2019 will result in dismissal of this action**." (Doc. 59 at 3 (emphasis added)). The deadline for Plaintiff to comply with this Court's conditions expired more than 14 months ago,[5] and yet Plaintiff has failed to meet such conditions. As a result, Plaintiff has willfully disobeyed and neglected this Court's February 28, 2019 Order, and this action should be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) and S.D. Ga. Local Rule 41.1.

In addition to dismissing this action for willful disobedience and neglect of this Court's Order, this Court should also dismiss this action for failure to prosecute. As stated above, Plaintiff

---

[5] Though the Court's language could be interpreted to mean Plaintiff was only required to file an amended complaint by the deadline of March 8, 2019, more than a year has passed since the Court's order setting the other conditions, and Plaintiff has failed to comply with them. For this reason, and other reasons stated in this Motion, Plaintiff has willfully failed to abide by this Court's requirements, whether the March 8, 2019 deadline was applicable to those other conditions or not.

was required to abide by and comply with this Court's conditions by March 8, 2019. Since that time, Plaintiff has filed only a non-compliant amended complaint (on March 4, 2019), and made several attempts to challenge this Court's February 28, 2019 Order. Each of these challenges were rejected, including the dismissal of an appeal to the Eleventh Circuit in April 2019 (Doc. 69) and a failed attempt to reinstate the appeal in October and November 2019 (see Doc. 74). Since November 6, 2019, the date on which the Eleventh Circuit denied Plaintiff's motion to reinstate his appeal, more than seven months have passed and Plaintiff has done nothing in this action, much less comply with this Court's conditions mandated in the February 28, 2019 Order. As a result, Plaintiff has failed to prosecute this case, and it should be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) and S.D. Ga. Local Rule 41.1.

WHEREFORE, for all the foregoing reasons and for all reasons the Court deems just and proper, The Mayor and Aldermen of the City of Savannah, (the "City of Savannah"), Adrian Gates, and Mark Revenew respectfully request that this Motion to Dismiss be GRANTED and that Plaintiff's Complaint and/or First Amended Complaint be DISMISSED WITH PREJUDICE.

Respectfully submitted, this 16th day of June, 2020.

/s/ Malcolm Mackenzie, III
Malcolm Mackenzie, III
Georgia Bar No. 463950

/s/ A. Robert Casella
A. Robert Casella
Georgia Bar No. 115611

WEINER, SHEAROUSE, WEITZ,
GREENBERG & SHAWE, LLP
P.O. Box 10105
Savannah, GA 31412
(912) 233-2251 telephone
(912) 235-5464 facsimile
mmackenzie@wswgs.com
rcasella@wswgs.com

Attorneys for Defendants The Mayor and Aldermen of the City of Savannah, Adrian Gates and Mark Revenew

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing upon all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing and electronic notification to the following:

Patrick O'Connor, Esq.
Jacob D. Massee, Esq.
Oliver Maner
P.O. Box 10186
Savannah, GA 31412

Joshua K. Brooks
Georgia Attorney General's Office
kbrooks@law.ga.gov

I further certify that I served the following parties via US Mail, addressed as follows:

Anthony Oliver
GDC ID: 1002060648
Long State Prison
PO Box 70
Ludowici, GA 31316

This 16th day of June, 2020.

/s/ A. Robert Casella
A. Robert Casella
Georgia Bar No. 115611
Attorney for Defendants The Mayor and Aldermen of the City of Savannah, Adrian Gates, and Mark Revenew

WEINER, SHEAROUSE, WEITZ,
 GREENBERG & SHAWE, LLP
P.O. Box 10105
Savannah, Georgia 31412-0305
P: (912) 233-2251
F: (912)235-5464

## In The State Court of Chatham County
## Sentencing Order

STATE OF GEORGIA VS. <u>ANTHONY ALLEN OLIVER</u>

Case# <u>STCR18-05808</u>     Def Atty: Martin Gregory Hilliard

| Cnt | Charge Code | Misdemeanor Charge | Merg | verdict | SENTENCE Time | Jail | Susp | Prob | Fines Amt | Susp | C S H | Cons to Cnt |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 40-6-50 | Improper Driving on Divided Highway | | G | 6m | 6m | | | | | | |

\* All charges associated with this Case Number, which do not appear on this Plea Worksheet, shall be dismissed.

**CONDITION OF SENTENCE INCLUDE:**

- **X**    Defendant to receive CREDIT FOR TIME SERVED in jail on these charges.
- ___    Balance of sentence is PROBATED / SUSPENDED.
- **X**    Total sentence for all counts is ___6___ months.     ___ Mail in probation
- ___    Counts _____ are High and Aggravated Misdemeanors.
- ___    With ALL conditions satisfied, Early Termination/Suspended Sentence of probation (after _____).
- ___    Handle under provisions of the FIRST OFFENDER ACT as to all counts.
- ___    Handle under provisions of the CONDITIONAL DISCHARGE STATUTE, O C G A. 16-13-2(a) as to count(s) _____
- ___    You are banished from Chatham County throughout the period of this sentence.
- ___    You are banished from _____
- ___    No threats or violence against the victim(s) or any witness(es) in this case: _____
- ___    No contact with the victim(s) or any witness(es) in this case _____.
- ___    Attend and complete Anger Management counseling Enroll within 30 days.
- ___    Attend and complete a Family Violence Intervention Program certified by the GA Commission on Family Violence. Enroll within 30 days
- ___    Pay Clerk of Court $ _____ restitution for _____
- ___    Enroll in GED classes within 30 days of sentencing and obtain your GED certificate
- ___    Seek and maintain full-time employment while on probation.
- ___    Defendant may not possess any fire arms while on probation.
- ___    Defendant understands he/she will permanently lose his/her right to ship, transport, possess or receive any firearm or ammunition for any misdemeanor domestic violence. [18 U.S C. 922(g)(9)]
- ___    Conditions Not Listed Above / Other Requirements: _____
- ___    Complete Drug and Alcohol evaluation within 30 days of sentencing
- ___    Enter into mandatory drug and alcohol counseling as recommended. (30 days)
- ___    Submit to random drug / alcohol screening and testing

So Ordered Today _5/3/2017_     _[signature]_
                                         Judge, State Court of Chatham County

Filed In Open Court Upon Signature of the Judge    _[signature]_
                                                           Court Clerk

EXHIBIT 1