IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ANTHONY OLIVER,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF POOLER, a public entity; CITY OF SAVANNAH, a public entity; CITY OF BLOOMINGDALE, a public entity; STATE OF GEORGIA, a state municipality; NATHAN DEAL, in his official capacity as Governor; CHARLES DAVIS, in his individual capacity; ADAM WILLIS, in his individual capacity; MATT LIBBY, in his individual and official capacity; ASHLEY BROWN, individual and official capacity; MARK REVENEW, in his individual and official capacity; BLAIR JEFFCOAT, in his individual and official capacity; DOES 1-10, inclusive; CITY OF PORT WENTWORTH, a public municipality; and ADRIAN GATES, in his individual capacity;<br><br>    Defendants. | CASE NO. CV418-100 |

## O R D E R

Before the Court is Defendants City of Pooler, City of Port Wentworth, City of Bloomingdale, Charles Davis, Adam Willis, Matt Libby, Ashley Brown, and Blair Jeffcoat's Motion to Dismiss Plaintiff's Complaint and/or Amended Complaint (Doc. 76) and

Defendants City of Savannah, Adrian Gates, and Mark Revenew's Motion to Dismiss Plaintiff's Complaint and/or Amended Complaint (Doc. 78). Plaintiff has not responded to either motion. In their motions to dismiss, Defendants request that the Court dismiss Plaintiff's complaint and amended complaint under Federal Rule of Civil Procedure 41(b) and Southern District of Georgia Local Rule 41.1. (Doc. 76 at 5-6; Doc. 78 at 6.) After careful consideration, Defendants' motions (Docs. 76, 78) are **GRANTED**.

On February 28, 2019, this Court adopted Magistrate Judge Graham's Report and Recommendation, classified Plaintiff as a vexatious litigant, and ordered that Plaintiff comply with the following conditions:

(1) In addition to paying the Court's filing fee, Oliver must post a $1,000 contempt bond with the Clerk of Court. This bond will be held by the Clerk of Court and, if Plaintiff has conducted the affairs in his case appropriately, the bond will be returned to him at its conclusion;

(2) Plaintiff must file into this case, and attach to any complaint he files, a signed affidavit swearing that he has read Federal Rule of Civil Procedure 11 and will abide by its provisions; and

(3) Plaintiff must also attach to his complaint both a photocopy of the Report and Recommendation,

>  recommending dismissal of CV417-101, and the Order
>  dismissing the case.

(Doc. 59 at 2.) The Court also ordered Plaintiff to file an amended complaint by March 8, 2019. (Id. at 2-3.) The Court warned Plaintiff that failure to comply with the conditions set forth in the order and file an amended complaint by March 8, 2019 would result in dismissal of this action. (Id. at 3.)

On March 4, 2019, Plaintiff filed an amended complaint. (Doc. 60.) Plaintiff, however, failed to comply with the filing conditions. Specifically, Plaintiff failed to post a $1,000 contempt bond with the Clerk of Court; Plaintiff failed to attach a signed affidavit swearing that he has read Federal Rule of Civil Procedure 11 and will abide by its provisions; and Plaintiff failed to attach to his complaint both a photocopy of the Report and Recommendation, recommending dismissal of CV417-101, and the Order dismissing the case.

Federal Rule of Civil Procedure 41(b) provides, in part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." As the Supreme Court has stated, "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962).

3

Similarly, under Local Rule 41.1(b) and (c) "the assigned Judge may, after notice to counsel of record, sua sponte, or on motion of any party, dismiss any action for want of prosecution, with or without prejudice" for "[w]illful disobedience or neglect of any order of the Court; or . . . [a]ny other failure to prosecute a civil action with reasonable promptness." S.D. Ga. L. R. 41.1. In this case, Plaintiff has willfully disobeyed the Court's order and failed to comply with the conditions imposed. The Court warned Plaintiff that failure to comply would result in dismissal of this action. Moreover, Plaintiff has shown a lack of desire to prosecute this case diligently. Plaintiff has not responded to Defendants' motions to dismiss and Plaintiff has failed to participate in this case for nearly one year. Accordingly, the Court finds that dismissal of Plaintiff's complaint and amended complaint is appropriate under Rule 41(b) and Local Rule 41.1.

Defendants request that the Court dismiss Plaintiff's complaint and amended complaint with prejudice. Courts considering dismissal with prejudice must determine "whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (citation and internal quotation marks omitted). "Dismissal without prejudice, however, does not mandate such a strict showing because dismissal without prejudice is 'not an adjudication on the merits.' " Lee v. Correct Care Sols., LLC,

4

CV 119-012, 2020 WL 3491840, at *1 (S.D. Ga. June 26, 2020) (quoting Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007)).

Here, the Court finds that dismissal of Plaintiff's case with prejudice is warranted. Plaintiff failed to comply with the Court's February 28, 2019 order despite the Court's warning that noncompliance would result in dismissal of his claims. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."); Donaldson v. Clark, 819 F.2d 1551, 1557 n.6 (11th Cir. 1987) ("The court has the power . . . to dismiss a case with prejudice . . . for failure to comply with court orders . . . ."). Although Plaintiff did file his amended complaint before March 8, 2019, Plaintiff failed to post a $1,000 contempt bond, failed to attach a signed affidavit swearing that he has read Federal Rule of Civil Procedure 11 and will abide by its provisions, and failed to attach to his complaint both a photocopy of the Report and Recommendation, recommending dismissal of CV417-101, and the Order dismissing the case. In addition, Plaintiff failed to respond to Defendants' motions to dismiss and has failed to participate in this case altogether for nearly a year. The Eleventh Circuit also dismissed Plaintiff's appeal of the Court's adoption order for want of prosecution. (Doc. 69 at

5

2.) Moreover, Plaintiff has an extensive history of filing actions in this Court and subsequently failing to abide by the Court's rules, procedures, and orders. (Doc. 53 at 1.) Based on Plaintiff's excessive filings, this Court and at least one other district court have classified Plaintiff as a vexatious litigant. (Id. at 6-7; Doc. 59 at 2.)

In light of these facts, the Court has no reason to believe that Plaintiff's disregard of his obligations as a litigant will be rectified by an order imposing sanctions lesser than dismissal with prejudice. See Drayton v. McIntosh Cty., Ga., NO.: 2:16-cv-53, 2020 WL 5258228, at *2 (S.D. Ga. Sept. 3, 2020); Calloway v. Perdue Farms, Inc., 313 F. App'x 246, 250 (11th Cir. 2009). As a result, the Court **DISMISSES** Plaintiff's complaint (Doc. 1) and amended complaint (Doc. 60) **WITH PREJUDICE.**

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss (Docs. 76, 78) are **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE.** The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 29th day of October 2020.

```
_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
```